UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CLARENCE DEPASS** | CASE NO. 6:21-CV-01641 |
| **VERSUS** | JUDGE ROBERT R. SUMMERHAYS |
| **ALL COAST LLC ET AL** | MAGISTRATE JUDGE CAROL B. WHITEHURST |

**MEMORANDUM RULING AND ORDER**

The present matter before the court is a Motion for Partial Summary Judgment [ECF No. 26] filed by defendant All Coast, LLC in this Jones Act and general maritime case. All Coast moves for summary judgment, arguing that (1) the *McCorpen*[1] defense applies to plaintiff Clarence Depass' maintenance and cure claim as a matter of law, and (2) the long-term disability benefits paid to Depass are not a collateral source and All Coast is therefore entitled to a credit for these benefits against any judgment. Depass opposes the motion and points to evidence in the summary judgment record that he contends shows factual disputes that cannot be resolved on summary judgment. All Coast responds that the factual disputes identified by Depass do not foreclose summary judgment. Plaintiff has filed a Motion for Oral Argument [ECF No. 38].

The Court has reviewed the parties' arguments, the summary judgment record, and the relevant authorities, and concludes that summary judgment is not appropriate. The case is presently set for a bench trial starting April 3, 2023. As the present motion only seeks partial summary judgment, a ruling will not save any judicial resources as the bench trial would still be required. Following a trial on the merits, the Court will be in a better position to resolve the issues raised in All Coast's motion with the aid of a complete evidentiary record. To the extent that findings of

---

[1] *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968)

fact are required with respect to the *McCorpen* defense or the collateral source rule, the Court can make those findings following trial as the trier-of fact. To the extent that the issues can be resolved as a matter of law, the Court will issue appropriate conclusions of law following trial. In sum, there are genuine disputes of material fact with respect to the issues raised in the motion based on the current summary judgment record. Therefore,

IT IS ORDERED THAT the Motion for Partial Summary Judgment [ECF No. 26] is DENIED; and further that the Motion for Oral Argument [ECF No. 38] is DENIED AS MOOT.

THUS DONE in Chambers on this 17th day of February, 2023.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE